## Dachowski Appeal

*Richard A. Devlin*, for petitioner.

*H. L. Houpt*, for Board of Adjustment.

HONEYMAN, J., February 15, 1961.—Edward J. Dachowski and his wife petitioned this court to allow

an appeal from a decision of the Board of Adjustment of Upper Moreland Township. The board of adjustment had granted a special exception to erect a gasoline filling and service station. The petition is opposed on the ground that it is not timely.

The agreed-to facts are that the decision of the board of adjustment was dated November 25, 1960, notice of the decision was served on petitioner on December 2, 1960, and the petition for the appeal was filed with this court on December 29, 1960.

The First Class Township Code of June 24, 1931, P. L. 1206, sec. 3107, as amended, 53 PS §58107, provides as follows:

"(i) Any person aggrieved by any decision of the board of adjustment, or any taxpayer, . . . may, within thirty days after such decision, appeal to the court of common pleas of the county by petition, . . ."

As clearly appears, the petition for appeal in the instant case was filed more than 30 days after the date of the board of adjustment's decision. It has been clearly and decisively held by the Supreme Court of Pennsylvania that an appeal filed after the 30-day period is not timely: Kuiper v. Upper Merion Township, 390 Pa. 178 (1957). Petitioners seek to avoid this ruling by asserting that the board of adjustment failed to comply with that provision of The First Class Township Code, supra, which provides that:

"(h) . . . Notice of such decision shall forthwith be given to all parties in interest."

They contend that the delay in delivering the notice until seven days after the decision was not "forthwith" as required by the statute. Whether a notice has been sent forthwith is necessarily a matter that must be decided on the particular facts of each case. In Bouvier's Law Dictionary, the word "forthwith" is defined as follows:

"As soon as by reasonable exertion, confined to the object, it may be accomplished. . . . This is the im-

port of the term; it varies, of course, with every particular case. . . . It is not as promptly as immediately; in some cases it might mean within a reasonable time."

Under the circumstances of this case, particularly in view of the fact that the parties still had 23 days to appeal, the receipt of notice seven days after the date of decision complied with the requirement that notice be given forthwith.

### Order

And now, February 15, 1961, for the above-stated reasons, the petition for appeal is denied.